Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

CLERK, US DISTRICT COURT

FILED
APR 30 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RICHARD ZAMORA,

                Petitioner,

      v.

D. L. RUNNELS,  Warden,

                Respondent.

CASE NUMBER
CV02-5331-DDP(RC)

NOTICE OF FILING
OF MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND THE
LODGING OF PROPOSED JUDGMENT
AND/OR ORDER

TO:   All Parties of Record

Richard Zamora
CDC #H-39305
Susanville High Desert State Prison
P.O. Box 3030
Susanville, CA 96130

Kenneth C. Byrne
Office of the Attorney General
300 South Spring Street, Suite 500
Los Angeles, CA 90013

     You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on April 30, 2003__, copies of which are attached.

     Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than____May 23, 2003_____, file and serve a written statement of objections with points and authorities in support thereof before the Honorable___Rosalyn M. Chapman____, U.S. Magistrate Judge.

     Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

     The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

ENTERED ON ICMS
MAY 1 2003

CLERK,  UNITED STATES DISTRICT COURT

Dated: April 30, 2003

By _____
Deputy Clerk

Attachments

M-51 (6/98)    NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER

33

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U S DISTRICT COURT

APR 30 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

9

10

11   RICHARD ZAMORA,              )  Case No. CV 02-5331-DDP (RC)
                                  )
12                 Petitioner,    )
                                  )
13   vs.                          )  REPORT AND RECOMMENDATION OF A
                                  )  UNITED STATES MAGISTRATE JUDGE
14   D.L. RUNNELS, WARDEN,        )
                                  )
15                 Respondent.    )
     _____)

16

17       This Report and Recommendation is submitted to the Honorable

18   Dean D. Pregerson, United States District Court Judge, pursuant to the

19   provisions of 28 U.S.C. § 636 and General Order 01-13 of the United

20   States District Court for the Central District of California.

21

22                            **BACKGROUND**

23                                **I**

24       On July 3, 2002, petitioner Richard Zamora, a person in state

25   custody proceeding pro se and in forma pauperis, filed a habeas corpus

26   petition under 28 U.S.C. § 2254.  On December 5, 2002, this Court

27   ordered an amended habeas petition to be filed, effective November 27,

28   2002, and further ordered that it be served on the respondent.  The

following claims are raised in the amended habeas corpus petition:
(1) petitioner's attorney rendered ineffective assistance in that he
permitted the prosecutor to engage in improper vouching in closing
argument; (2) petitioner's rights under the ex post facto clause were
violated; (3) petitioner's due process rights were violated when the
court gave deficient instructions, permitting petitioner's conviction
on less than reasonable doubt; (4) petitioner's sentence is grossly
disproportionate to his offense; (5) the trial court abused its
discretion in refusing to strike any of petitioner's priors under
Penal Code § 1385, thereby violating petitioner's due process rights;[1]
(6) petitioner was denied effective assistance of counsel when his
counsel failed to request a flight instruction, and the trial court
abused its discretion in not instructing the jury on flight; (7)
petitioner's right to a fair trial was violated when court did not
respond to the jury's request regarding the necessity of findings on
the priors; (8) petitioner's right to a fair trial and effective
assistance of counsel were violated when the court qualified Officer
Barr as an expert on rock cocaine; and (9) due to multiple errors of
trial and appellate counsel, petitioner was denied a fair trial in
violation of the Sixth and Fourteenth Amendments.  On January 8, 2003,
respondents answered the amended petition, arguing, in part, that
because Grounds Six through Nine have not been presented to the
California Supreme Court, and are presently pending in the state
courts, the pending petition is a "mixed" petition that should be
//
//

_____

[1]   The Court has determined that Ground Five does not
present a cognizable federal claim.

2

1   dismissed.[2]  On April 1, 2003, petitioner filed a traverse addressing,
2   inter alia, the merits of Grounds Six through Nine.

3

4       On March 18, 2003, this Court issued an order finding the instant
5   petition to be a "mixed" petition, setting forth both claims that have
6   been exhausted and claims that have not been exhausted in the state
7   courts.  Specifically, this Court found that all grounds except
8   Grounds Six through Nine have been exhausted, and Grounds Six through
9   Nine have not.  Before dismissing the petition without prejudice as a
10  "mixed" petition, however, this Court offered petitioner the
11  opportunity to strike or dismiss the unexhausted claims and to proceed
12  only on the exhausted claims, as required by James v. Pliler, 269 F.3d
13  1124 (9th Cir. 2001).  The Court also advised petitioner of the one
14  year statute of limitations under the Antiterrorism and Effective
15  Death Penalty Act, and warned him that exhaustion of the unexhausted
16  claims could bar later federal review.  However, petitioner did not
17  respond to the Court's Order, other than to file a Traverse addressing
18  the merits of his claims, including Grounds Six through Nine.

19

20                              DISCUSSION
21      The Antiterrorism and Effective Death Penalty Act of 1996
22  (AEDPA), worked substantial changes to the law of habeas corpus.
23  Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.), cert. denied, 521
24  U.S. 1111 (1997).  Of specific importance to the petitioner's claims

25

26      [2]  In his amended petition, petitioner candidly acknowledges
    that Grounds Six through Nine "have not been decided in
27  California state court, but are now pending as of the filing of
    this amended petition in order to properly exhaust state
28  remedies."

                                   3

1   are the revisions made to 28 U.S.C. § 2254(b)(1) and (b)(3).  Section

2   2254(b)(1) provides that a habeas corpus petition by a state prisoner

3   "shall not be granted unless . . . the applicant has exhausted the

4   remedies available in the courts of the State; or . . . there is an

5   absence of available State corrective process; or . . . circumstances

6   exist that render such process ineffective to protect the rights of

7   the applicant."  Section 2254(b)(3) provides that "[a] State shall not

8   be deemed to have waived the exhaustion requirement or be estopped

9   from reliance upon the requirement unless the State, through counsel,

10  expressly waives the requirement."

11

12      A state prisoner must exhaust his state court remedies before

13  petitioning for a writ of habeas corpus in federal court.  28 U.S.C.

14  § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S.Ct.

15  1198, 1201-202, 71 L.Ed.2d 379 (1982); Calderon v. United States Dist.

16  Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119

17  S.Ct. 274 (1998); Bland v. California Dep't of Corrections, 20 F.3d

18  1469, 1472 (9th Cir.), cert. denied, 513 U.S. 947 (1994).  "The

19  exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§

20  2254(b) and (c), reflects a policy of federal-state comity, an

21  accommodation of our federal system designed to give the State an

22  initial opportunity to pass upon and correct alleged violations of its

23  prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275, 92

24  S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)(internal quotation marks,

25  citations and footnote omitted); Crotts v. Smith, 73 F.3d 861, 865

26  (9th Cir. 1996).  "The exhaustion doctrine is principally designed to

27  protect the state courts' role in the enforcement of federal law and

28  prevent disruption of state judicial proceedings."  Rose, 455 U.S. at

1  518, 102 S.Ct. at 1203.

2

3      Moreover, a federal court may not consider a petition for writ of

4  habeas corpus unless the state prisoner has exhausted available state

5  remedies regarding each and every claim raised in the federal

6  petition.  Rose, 455 U.S. at 510, 102 S.Ct. at 1199; Bland, 20 F.3d at

7  1473; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988)(per

8  curiam); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

9  "Requiring dismissal of petitions containing both exhausted and

10  unexhausted claims . . . relieve[s] the district courts of the

11  difficult if not impossible task of deciding when claims are related,

12  and . . . reduce[s] the temptation to consider unexhausted claims."

13  Rose, 455 U.S. at 519, 102 S.Ct. at 1204.

14

15      Here, Grounds Six through Nine have not been exhausted.  Thus,

16  the instant petition is a "mixed petition," setting forth both claims

17  which have, and have not, been exhausted in the state courts and, as

18  such, it must be dismissed without prejudice.  Rose, 455 U.S. at 522,

19  102 S.Ct. at 1205; Calderon v. United States District Court (Gordon),

20  107 F.3d 756, 760 (9th Cir.), cert. denied, 118 S.Ct. 265 (1997);

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1 | <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273-75 (9th Cir.), <u>cert</u>.

2 | <u>denied</u>, 519 U.S. 1102 (1997).

3

4 | **RECOMMENDATION**

5 |   IT IS RECOMMENDED that the Court issue an Order: (1) approving

6 | and adopting this Report and Recommendation; (2) adopting the Report

7 | and Recommendation as the findings of fact and conclusions of law

8 | herein; and (3) directing that Judgment be entered dismissing the

9 | petition and action without prejudice.

10

11 | DATE _April 30, 2003_

12 |                                ROSALYN M. CHAPMAN
    |                                UNITED STATES MAGISTRATE JUDGE

R&Rs\02-5331.R&R
4/30/03

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
                 LODGED
        CLERK, U.S. DISTRICT COURT
              APR 30 2003
        CENTRAL DISTRICT OF CALIFORNIA
                          DEPUTY
        BY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD ZAMORA,                ) Case No. CV 02-5331-DDP(RC)
                               )
                 Petitioner,   ) ORDER ADOPTING REPORT AND
                               ) RECOMMENDATION OF UNITED STATES
                               ) MAGISTRATE JUDGE
vs.                            )
                               )
D.L. RUNNELS, WARDEN,          )
                               )
                 Respondent.   )        PROPOSED
_____)

        Pursuant to 28 U.S.C. Section 636, the Court has reviewed the

Petition and other papers along with the attached Report and

Recommendation of United States Magistrate Judge Rosalyn M. Chapman,

and has made a de novo determination.


        IT IS ORDERED that (1) the Report and Recommendation is approved

and adopted; (2) the Report and Recommendation is adopted as the

findings of fact and conclusions of law herein; and (3) Judgment shall

be entered dismissing the action without prejudice.

//

//

1    IT IS FURTHER ORDERED that the Clerk shall serve copies of this

2    Order, the Magistrate Judge's Report and Recommendation and Judgment

3    by the United States mail on the parties.

4

5    DATED:    _____

6

7                                    _____
                                         DEAN D. PREGERSON
8                                    UNITED STATES DISTRICT JUDGE

9

10

11
     R&Rs\02-5331.ado
12   4/30/03

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

LODGED
CLERK, U.S. DISTRICT COURT

APR 3 0 2003

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11  RICHARD ZAMORA,                    )   Case No. CV 02-5331-DDP(RC)
                                       )
12              Petitioner,            )
                                       )
13  vs.                                )   JUDGMENT
                                       )
14  D.L. RUNNELS, WARDEN,              )
                                       )
15              Respondent.            )
                                       )   PROPOSED
16  _____)

17

18       Pursuant to the Order of the Court adopting the findings,

19  conclusions, and recommendations of United States Magistrate Judge

20  Rosalyn M. Chapman,

21

22       IT IS ADJUDGED that the Petition for Writ of Habeas Corpus is

23  dismissed without prejudice.

24       DATE:  _____

25                              _____
                                     DEAN D. PREGERSON
26                              UNITED STATES DISTRICT JUDGE

    R&Rs\02-5331.jud
27  4/30/03

28